#### Liberi P. BERARDI et al., Plaintiffs-Appellants,

#### v.

#### The PURE OIL CORPORATION et al., Defendants-Appellees.

#### No. 71–1611.

United States Court of Appeals, Sixth Circuit.

March 14, 1972.

Jack Schulman, Cleveland, Ohio, for plaintiffs-appellants; C. D. Lambros, Cleveland, Ohio, on brief.

Dennis D. Grant, Columbus, Ohio, for defendants-appellees; Bricker, Evatt, Barton & Eckler, Columbus, Ohio, John H. Gherlein and Daniel W. Hammer, Cleveland, Ohio, on brief.

Before CLARK,* Associate Justice, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

Appellants filed a complaint in the District Court that purported to assert three "causes of action." The court dismissed the complaint for failure to state a claim upon which relief could be granted but allowed appellants leave to amend to cure defects that the court specifically noted. Appellants then filed an amended complaint, which the court again dismissed for the reason that appellants had not complied sufficiently with the court's orders and thus had not stated claims upon which relief could be granted. Pursuant to the court's directions, appellants filed a second amended complaint. This time the court found that appellants' first "cause of action" did not state a claim upon which relief could be granted and that appellants' second "cause of action" was defective in the manner twice previously specified. Accordingly, the court dismissed the complaint with prejudice for failure to state claims upon which relief could be granted and for failure to comply with the court's prior orders. This appeal followed.

Appellants' counsel has conceded in argument upon this appeal that the first "cause of action" did not state a claim upon which relief could be granted, and we therefore affirm the judgment of the

---

* The Honorable Tom C. Clark, Associate Justice of the United States Supreme Court, Retired, sitting by designation.

District Court with respect to this part of the complaint. With respect to the remainder of the complaint, we are hard-pressed to find an abuse of discretion in the court's dismissal, and do so only because we believe that the interests of justice require that appellants be afforded one more opportunity to conform their pleadings to the court's orders. Therefore, with respect to the first "cause of action" stated in the complaint, the judgment of the District Court is affirmed, and with respect to the remainder of the complaint, the judgment of the District Court is reversed and the case is remanded with directions to allow appellants leave to amend their complaint to conform specifically to the previous orders of the District Court and to such further requirements as the court in its discretion may direct.