**SEPIA ENTERPRISES, INC., et al.,**
**Plaintiffs-Appellants,**

v.

**CITY OF TOLEDO et al., Defendants-**
**Appellees.**

No. 72–1111.

United States Court of Appeals,
Sixth Circuit.

June 28, 1972.

**1316**

Louise I. Jacobson, Toledo, Ohio, for appellants; Louise I. Jacobson, Clarence G. Smith, Toledo, Ohio, on brief.

Sheldon S. Wittenberg, and Allan J. Chabler, for appellees; Sheldon S. Wittenberg, Asst. Director of Law City of Toledo Model Cities Agency, Toledo, Ohio, Willard A. Johnson, Asst. Director of Law—Law Dept., Toledo, Ohio, Allan J. Chabler, Joelson, Chabler & Jacobs, Toledo, Ohio, Toledo Council for Business, on brief.

Before CELEBREZZE, McCREE, and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a complaint brought under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., to redress an alleged wrongful allocation of funds by the Toledo (Ohio) City Council and other alleged wrongful acts of administrative officers of the Toledo Model Cities Administration Office. Appellants assert that they seek to enforce provisions of the Demonstration Cities and Metropolitan Development Act, 42 U.S.C. § 3301 et seq., which require the participation of neighborhood residents in the process of policy formulation and program planning. The complaint, which was filed on December 4, 1970, was brought on behalf of Sepia Enterprises, Inc.; in the name of an individual named resident of the Toledo Model Neighborhood; and on behalf of all residents of the State of Ohio. It named as defendants five officials of the United States Department of Housing and Urban Development, including the Secretary; the Mayor of the City of Toledo; eight Toledo City Councilmen; and six other Toledo City officials.

On May 12, 1971, the District Court dismissed the federal defendants from the action on the ground that the complaint failed to state a claim upon which relief could be granted against them:

At best, the Amended Complaint alleges that agents of the City of Toledo submitted an unlawful proposal to HUD. There is no allegation that HUD has accepted or approved the contract nor are they any allegations of wrongdoing or misconduct on the part of the federal defendants.

On November 23, 1971, the Court dismissed the remaining portions of the complaint, under Fed.R.Civ.P. 41(b), for failure to comply with the court's previous orders and for want of prosecution. This appeal has been taken from both orders of dismissal.

We first observe that the dismissal for want of prosecution operated as an

adjudication upon the merits in defendants' favor, since the court's order did not specify that it should not. Fed.R. Civ.P. 41(b) provides, in part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Appellants contend that they attempted to comply with the court's orders as they understood them. The order most important to the District Court's determination that the complaint should be dismissed was filed April 28, 1971. That order stated, in pertinent part:

> Plaintiff is granted leave to withdraw any of the marked exhibits for copying or comparison and same are to be submitted to counsel for the other parties for the purpose of preparing a stipulation of admissibility or for raising any objections thereto.
>
> Plaintiff and defendants should submit written memoranda on the status of this cause on a Class Action on or before May 5, 1971.

Both parties complied with the order to submit memoranda on the propriety of the class action by May 5. On May 18, appellants filed a motion for reconsideration of the May 12 order dismissing the federal defendants from the case. This motion was denied on May 20. On May 25, appellants moved for permission to amend the complaint to assert additional facts relevant to the liability of the federal defendants. That motion was denied on June 16.

The next document which appears in the record is a court order filed November 10, 1971. It provides, in part:

> Plaintiffs were granted leave to withdraw plaintiffs' Exhibits 1 through 8 on April 26, 1971, for "copying and comparison" and "for the purpose of preparing a stipulation as to admissibility." Said exhibits

have factual bearing on plaintiffs' claims on *the* pending matter.

> Plaintiffs to date have not complied with said order.
>
> Plaintiffs are therefore ordered to comply with the Order of April 26, 1971, forthwith, and further to show cause on or before November 15, 1971, why this cause should not be dismissed for want of prosecution. [Emphasis in original.]

On November 16, the court continued the show cause order until November 22. On November 22, appellant filed a document entitled "Memorandum in Support of Plaintiffs Class Action." Appended thereto was a one-page document entitled "Plaintiffs' List of Proposed Exhibits," which included a certification that it had, on that date, been mailed to attorneys for the City and for the Model Cities Agency. On November 23, the court entered its order dismissing the complaint. It stated, in part:

> Plaintiffs' Exhibits 1 through 8, which have a factual bearing on plaintiffs' claims and the class action issue, were withdrawn by Order of April 26, 1971. . . . Plaintiffs have not returned these exhibits for the Court's consideration, despite the past Order of November 10, 1971. Thus, the court is still powerless to act at this time, in order to decide the class action issue, after waiting more than six months to examine the relevant exhibits. . . .

Appellants contend that they did not understand the November 10 order to require the return of the exhibits. Apparently the court and the parties understood that the reference in the November 10 order was to the previous order filed April 28, despite its reference to an order of April 26. But the language of the April 28 order created some possibility of misunderstanding since it does not expressly require the return of withdrawn exhibits.

■■ We are sensitive to the concern of district courts for the expeditious resolution of litigation pending on

**1318**

their dockets. And we regard strict compliance with the direction of a district court as an important duty of counsel. Nevertheless, we prefer to have disputes resolved on their merits. Accordingly, we vacate the dismissal order and direct the District Court to permit appellants a reasonable, short period within which to comply with the court's previous orders. As we stated in Berardi v. Pure Oil Corp., 456 F.2d 98, 99 (6th Cir.1972):

> we are hard-pressed to find an abuse of discretion in the court's dismissal, and do so only because we believe that the interests of justice require that appellants be afforded one more opportunity to conform their pleadings to the court's orders.

The federal appellants assert that their dismissal from the suit became final on May 12, 1971, and that as to them the notice of appeal is untimely. However, we observe that no request for final judgment under Fed.R.Civ.P. 54(b) was made by the parties, and the express determination required by the rule was not made by the court. The May 12 order dismissing the federal defendants was therefore unappealable until entry of the court's final order of dismissal on November 23, 1971. Accordingly, the federal appellees' motion to dismiss the appeal as untimely, which was referred to this panel by our order dated April 10, 1972, is hereby denied.

Appellants' brief filed in this case makes no argument that the District Court's order of May 12 was incorrect. We have reviewed the record with respect to that order and affirm the dismissal in favor of the federal defendants for the reasons stated in the District Court's memorandum filed May 12, 1971.

The District Court's order of November 23, 1971, is hereby vacated, and the case is remanded for further proceedings in accordance with this opinion. Each party will bear his own costs.

Reversed and remanded.