**Phillip H. MANN, Plaintiff-Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., Defendant-Appellee.**

No. 73–1915

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1973.

David Goldman, Jack Cohen, Miami, Fla., for plaintiff-appellant.

Wm. R. Dawes, Judith S. Waldman, Miami, Fla., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant Mann questions whether the doctrine of *res judicata* was a proper predicate for the dismissal of his diversity complaint in the District Court.

*The First Suit.* In 1971, Mann filed a complaint against Merrill Lynch alleging wrongs sounding in contract essentially the same as those claimed in the present case. In March of that year, his complaint was dismissed for want of allegations establishing diversity jurisdiction, with leave to amend within 10 days. On April 22, 1971, the complaint was dismissed for failure to obey the Court's March order. Two motions to vacate the dismissal were denied. No appeal was taken.

*The Present Suit.* Mann filed the present suit late in November, 1972. This was dismissed January 23, 1973 because the District Court saw it as "an apparent effort to thwart the Court's prior dismissal and denials of plaintiff's two motions to vacate said dismissal." Mann's motion to vacate this dismissal was also denied. This appeal followed.

■ We hold that the suit should not have been dismissed. We read the April order in the first suit as merely making final the earlier dismissal, with leave to amend, for want of necessary jurisdictional allegations.

■ Had the District Judge intended what he wrote literally—that the action was being dismissed because the March order had been "disobeyed"—he would have been guilty of an abuse of his Rule 41(b) discretion to dismiss. Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions. Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed. 1387 (1968). Failure to amend a complaint after it has been dismissed with leave to amend is not such an extreme case of disobedience, if it is disobedience at all.

A dismissal for lack of jurisdiction is not a dismissal on the merits that makes the action *res judicata. See* F.R. Civ.P. 41(b). Indeed the lack of jurisdiction renders the Court powerless to make a decision on the merits.

■ Since the original action was dismissed basically because requisite jurisdictional allegations were missing, and not because Mann disobeyed the Court, that dismissal does not operate as an adjudication upon the merits. It is, therefore, of no moment that the April order of dismissal did not specify that it was without prejudice.

The January 22, 1973, dismissal is reversed and the case is remanded for further proceedings.