Renegotiation of contracts; bond to stay execution of order of Renegotiation Board. — On March 21,1975 the court issued the following order:
Before cowen, Chief Judge, davis and nichols, Judges.
“This case comes before the court on defendant’s motion for judgment in aid of execution of an order of the [Renegotiation Board. Upon consideration of the motion, plaintiff’s opposition thereto, and supporting documents, the court finds:
“ (1) On May 7,1970, the [Renegotiation Board determined that the plaintiff realized excessive profits in the amount of $1,500,000 for plaintiff’s fiscal year ended July 31, 1967.
“ (2) Plaintiff filed its petition under 50 U.S.C. App. § 1218 (1970, Supp. III) for a redetermination of such excessive profits but plaintiff failed to file the bond required by Section 108 of the Act and by [Rule 26 of this court.
“(3) About 18 months before the Board’s decision, plaintiff entered into a contract to sell substantially all of its assets. An escrow fund was created to cover any renegotiation liabilities of the selling corporation; this fund consisted of a part of the purchase price (in the form of stock of the buyer corporation), which was valued at the time the fund was created at $1,200,000. After the sales contract was executed, plaintiff distributed to its shareholders the purchase price received, minus the shares placed in escrow, and ceased doing business. The escrow account remains in existence, but the shares placed therein now have only a nominal value. Relying on Sandnes' Sons, Inc. v. United States, 199 Ct. Cl. 107, 462 F. 2d 1388 (1972), plaintiff opposes defendant’s motion on the ground that “the financial condition of the contractor may be such as to preclude continuing litigation.” Plaintiff *882 acknowledges that the value of the shares held in escrow is nominal.
“Upon consideration of the foregoing findings of fact, the court concludes that plaintiff has not shown sufficient facts to bring itself within the rule of the Sandnes’ case and that the escrow fund containing assets of dwindling value is not sufficient to give the Government the assurance of the bond required 'by law. Since the Internal Revenue Service has found that plaintiff is not due any income tax credit, the court concludes that defendant is entitled to judgment in the sum of $1,500,000, plus interest, as provided by law from June 6, 1970.
“it is therefore ordered that judgment is entered for defendant in the amount of $1,500,000 with interest thereon, as provided by law from June 6, 1970. 50 U.S.C. App. § 1215 (b)(2) (1970, Supp.III).”