Renegotiation of contract.— On October 1, 1976 the court entered the following order in the above-identified’ case. This case has -been before the court previously, see order entered March 21,1975 reported at 206 Ct. Cl. 881, and the order of June 11, 1976 reported at 210 Ct. Cl. 695 which the present order vacates. .
• Before Davis,. Judge, Presiding, Nichols and Kttnzig, Judges,..-.. ■ ■
“This renegotiation case comes again before the court on defendant’s motion to vacate our order of June 11, 1976, or alternatively, for a rehearing en banc. Defendant asks us to dismiss the case with prejudice, or enter an order directing the trial judge to hold a hearing to determine whether plaintiff’s non-compliance with the pretrial accounting order was wilful. The active judges of the court having denied the suggestion for reconsideration en banc, the defendant’s motion has been considered by the abové panel which issued the order of June 11, 1976. That order denied defendant’s motion to *334 dismiss and granted a stay of defendant’s obligations under the pretrial order issued by Trial Judge John P. Wiese.
“Having considered defendant’s presentation, the panel hereby vacates the order of June 11, 1976, Once again, we decline to dismiss the case; at this stage in the litigation, dismissal is too harsh a remedy. However, the panel is in no way approving plaintiff’s failure to take appropriate action to secure the material needed for the pretrial accounting order. In the 120 days given plaintiff to prepare the pretrial statement, no effort was made to subpoena the missing books and records. Nor has plaintiff used any other discovery procedures available to it. This lack of effort is in open disregard of the trial judge’s invitation to plaintiff to make ‘an appropriate motion to this court’ in the event that it encountered ‘difficulties * * * with respect to gaining access’ to the materials. Letter of Trial Judge Wiese to Dean Carlton, Esq., Counsel for Mancon Liquidating Corp., September 23, 1975.
“The panel agrees with Trial Judge Wiese that this case has already been delayed an unreasonable length of time. Although we decline to require a hearing on the wilfulness of plaintiff’s behavior, plaintiff is hereby ordered to employ all available means to comply with the Standard Pretrial Order on Accounting for Renegotiation Cases and to do so Within 60 days of the entry of this order. In the event of plaintiff’s failure or refusal further to comply, plaintiff is herewith further ordered to show cause within the 60 days why its claim should not be dismissed with prejudice (Rule 102(b)) for non-compliance with the pretrial order and Rule 111(d).
“The stay of defendant’s obligations under the pretrial order continues. The burden is on plaintiff to producé the information required for the completion of the accounting forms.
“IT IS SO ORDERED.”