This Fifth Amendment taking case is before the court on defendant’s motion, pursuant to Rule 102(b)(2), to dismiss for failure to prosecute. Plaintiff has not opposed defendant’s motion.
The petition in this case was filed on June 6, 1975. Following defendant’s answer, the issuance of the Standard Pretrial Order on Liability, and responses by both parties to the Pretrial Order, plaintiff made a supplemental response on March 21, 1977, requesting that further proceedings be held in abeyance until the Fall of 1977. Plaintiff has not been heard from since March 21, 1977.
Defendant now alleges that the Trial Judge has, by letters dated April 12, 1977 and May 25, 1977, asked plaintiff to clarify its position. Defendant further states that, by letter dated July 7, 1977, the Trial Judge (having received no answer to his two earlier letters to plaintiff) requested defense counsel to respond "to the best of his ability” to the earlier letters. Defendant, in its response, *705 stated in part that it would have no objection to plaintiffs requesting an extension of time and also asked plaintiff to inform defendant what its intentions were. The problem is, defendant maintains, that plaintiff has as yet not made any response to the Trial Judge nor to defendant and has, thus, failed to prosecute its claim.
Despite this apparent lack of effort on plaintiffs part, dismissal is too harsh a remedy at this stage in the litigation. Dismissal is a drastic action, one which is generally reserved for instances of willful non-compliance. See, e.g., Societe Internationale v. Brownell, 357 U.S. 197, 212 (1958); Mancon Liquidating Corp. v. United States, 211 Ct. Cl. 333 (1976); Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 488 F. 2d 75 (5th Cir. 1973). In finding that dismissal is not appropriate in the present circumstances of this case, the court in no way approves plaintiffs seeming failure to take action to bring this case towards a resolution. In the several months available to it, and despite the repeated requests of the Trial Judge, plaintiff has made no effort of which this court is aware to clarify its apparent desire to hold further proceedings in abeyance. This course of conduct is not to be condoned.
Plaintiff is hereby ordered to employ all available means to prosecute its claim. Specifically, plaintiff is ordered to respond to the Trial Judge’s letters dated April 12, 1977 and May 25, 1977, and to do so within 60 days of the entry of this order. In the event of plaintiffs failure or refusal thus to prosecute its claim, plaintiff is herewith further ordered to show cause, within that same 60-day period, why its claim should not be dismissed with prejudice for failure to prosecute (Rule 102(b)(2)).
XT IS SO ORDERED.
On September 29, 1978 the court, by order, granted defendant’s motion to dismiss and dismissed plaintiffs petition with prejudice, for failure to prosecute.