**In re ONE MINOR CHILD.**

Supreme Court of Delaware.

Submitted Dec. 7, 1979.

Decided Jan. 28, 1980.

Robert Burton Coonin of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for appellant.

Respondent, pro se.

Before McNEILLY, QUILLEN and HORSEY, Justices.

McNEILLY, Justice:

In July, 1974, the appellee, then a Delaware resident, filed a petition in the Superior Court seeking to terminate the parental rights of the appellant, a Texas resident. The appellant was not personally served with process. Substitute service was attempted by publication and certified mail pursuant to 13 *Del.C.* § 1107(b). Without any appearance by the appellant, his parental rights were terminated by order in May, 1975.

Upon discovering that his parental rights had been terminated, the appellant instituted this action by filing a motion to vacate the termination order, alleging a violation of his due process rights. That motion was denied by the Superior Court, and this appeal followed. We reverse. The sole issue in this appeal is whether the Superior Court erred in determining that, prior to setting aside the order terminating his parental rights, the appellant had to establish both a failure to comply with 13 *Del.C.* § 1107(b) and a probability of success on the merits of the termination action.

The record indicates and the Court below found that notice pursuant to 13 *Del.C.* § 1107(b) was not properly made. That section provides: *

---

* § 1107(b) was amended effective July 17, 1974, three days after this action was filed. The amendment added the language after "Publica-tion shall also be made . . . ." The amendment does not effect the issues in this case.

"(b) If the Court shall find that personal service within the State cannot be accomplished upon the parent . . . holding parental rights, the Court shall then cause notice of the time, place and purpose of the hearing to be published once a week, for 3 successive weeks, in such newspapers of the county, 1 or more, as the Court may judge best for giving the parent . . . holding parental rights notice, the formal wording of said notice to be approved by the Court. Such publication shall constitute conclusive evidence of service and a hearing will then proceed at the time and date set with or without the appearance of the parent . . . so notified. Publication shall also be made in the locality in which the parent or parents, person or persons or organization holding parental rights is believed to be located if different from the county where the publication just described has been caused. If any publication is ordered pursuant to this subsection, the Court shall also order that the Prothonotary, at least 3 weeks prior to the hearing, shall send by regular and registered or certified mail to the parent . . . holding parental rights, at the address or addresses given in the petition, a copy of the same notice, or a similar notice of the time, place and purpose of the hearing."

Over the appellant's denial, the appellee asserts that the appellant's last known address, at the time the petition was filed, was 1827½ Ahrens Drive, Houston, Texas. Even assuming *arguendo* that the appellee is correct, we cannot find that notice was proper. The records of the Prothonotary indicate that a certified letter was sent to 187½ Ahrens Drive and the letter, which was returned undelivered, is similarly addressed.

On the front of the letter, the numeral "2" has been inserted in pen between the typewritten "8" and "7". However, there is no evidence of when this was done. In light of this and the Prothonotary's records, the Court below properly concluded, that the letter was most likely sent to the wrong address. In addition, the published notice in the newspaper listed the appellant's address as 187½ Ahrens Drive. The Superior Court found the appellant established insufficient compliance with § 1107. Finally, and of relevance for due process considerations, appellant denies receiving actual prior notification of the action to terminate his parental rights.

We agree with the Superior Court that the notice provisions of 13 *Del.C.* § 1107(b) were not met. As a consequence, the failure to give notice of the hearing to terminate parental rights was a violation of the appellant's due process rights. *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

■ The Superior Court concluded that despite this violation, the appellant was not entitled to the remedy of a new hearing, because he had not established a sufficient likelihood of success were the matter re-opened. This additional requirement was erroneously imposed. Under the present circumstances, the Superior Court could not place a burden on the appellant that he otherwise would not have had.

"A fundamental requirement of due process is the opportunity to be heard. It is an opportunity which must be granted at a meaningful time and in a meaningful manner. The trial court could have fully accorded this right to the petitioner only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place. His motion should have been granted." *Armstrong v. Manzo,* 380 U.S. at 552, 85 S.Ct. at 1191, 14 L.Ed.2d at 66–67 (citations and quotations omitted).

■ Also, our conclusion that the requirements of § 1107(b) were not met affords us an alternative ground for this decision. 13 *Del.C.* § 1107(b) is a jurisdictional statute. The notice requirements in § 1107(b) were jurisdictional prerequisites to the action to terminate the appellant's parental rights. Because of the failure to

obtain either personal service over the appellant or to obtain substituted service by compliance with § 1107(b), the Court was without jurisdiction to enter the order which the appellant seeks to set aside. That order, entered by a court without jurisdiction over the appellant, is void and should have been set aside. See e. g., *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 5th Cir., 488 F.2d 75 (1973); *Oksanen v. United States,* 8th Cir., 362 F.2d 74 (1966); *Sandler v. Tarr,* D.C.Md., 345 F.Supp. 612, aff'd, 3rd Cir., 463 F.2d 1096, cert. denied sub nom. *Sandler v. National Director of Selective Service,* 409 U.S. 990, 93 S.Ct. 321, 34 L.Ed.2d 257 (1972); *Pennsylvania Railway Co. v. Pennsylvania Public Utilities Comm.,* Pa.Supr., 152 A.2d 422 (1959).

In the instant case, the minor child had been adopted, has lived with his adoptive father since February 16, 1971, has assumed the adopted father's name and, for several years has enjoyed the status of adoptive son in the family situation. The natural father has now appeared in the proceedings and is before the Court. It appears to us that, under these circumstances, it would cause unnecessary hardship to formally set aside the decree prior to a rehearing. The only defect in the proceeding was lack of notice. Even though that defect is constitutional in nature, it has now been cured and there is no reason why a rehearing cannot be held.

Consequently a rehearing is ordered but the order previously entered will not be set aside until a new order is entered after the rehearing. In the event the new order terminates the father's parental rights, it can be entered nunc pro tunc. In the event the new order is in the father's favor, it will by necessity supersede the prior order and should make such recitations as are necessary to show the history of the matter. Since the judge who sat below expressed an opinion that there was "[in]sufficient likelihood that the father could prevail on the merits of the petition to terminate his parental rights to warrant a reopening of this matter", the rehearing should be assigned to another judge.

\*    \*    \*    \*    \*    \*

REMANDED for further proceedings consistent with the mandate of this opinion.