This tax refund case is before the court on defendant’s motion to dismiss, pursuant to Rule 102(b)(2), for failure to prosecute. Plaintiffs have filed no response or motion for *560 extension of time and the time for doing so has expired (Rule 52(b)). Without passing on the merits of either party’s contentions, we are convinced that dismissal of plaintiffs’ action at this time is too severe a sanction. State of Washington v. The United States, 217 Ct.Cl. 704 (1978).
The petition in this case was filed June 6, 1977. Trial Judge Hogenson’s order closing proof was filed August 15, 1980. Plaintiffs’ brief and requested findings of fact were required to be filed by September 19,1980. To date, no such filings have been made, nor have plaintiffs filed a motion for enlargement of time. Consequently, defendant contends that plaintiffs’ petition should be dismissed.
Despite plaintiffs’ apparent lack of effort, dismissal is a harsh action, one which is generally reserved for instances of willful non-compliance. See, e.g., Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958); Mancon Liquidating Corp. v. The United States, 211 Ct.Cl. 333 (1976).
We direct that any and all further proceedings in this case be conducted in strict compliance with the rules of this court. Sua sponte, we will allow plaintiffs 60 days from the date of this order to submit their brief and requested findings of fact to the court. In the event of plaintiffs’ failure or refusal to prosecute their claim, plaintiffs are further ordered to show cause, within that same 60 day period, why their claim should not be dismissed with prejudice for failure to prosecute. If plaintiffs are henceforth responsible for unnecessary delay, the petition will be dismissed.
Accordingly, it is ordered, after consideration of the parties’ submissions but without oral argument, that the case is remanded to the trial division for further proceedings. Defendant’s motion to dismiss is denied.
On March 17, 1981 the court dismissed with prejudice plaintiffs’ petition for failure to prosecute their claim.