Louis JOHNSON, Appellant,

v.

BOYD–RICHARDSON CO., Appellee.

No. 80–1644.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1981.

Decided June 3, 1981.

Doris Gregory Black, St. Louis, Mo., for appellant.

Dennis C. Donnelly, Hollye Stolz Atwood (argued), St. Louis, Mo., for appellee.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

On July 23, 1979, Louis Johnson brought suit under 42 U.S.C. § 1981 in the United States District Court for the Eastern District of Missouri, alleging that "Boyds," a corporation "primarily engaged in the retail clothing business," had failed to hire him because he was black. Summons was served on Boyd-Richardson Co. Boyd-Richardson moved to dismiss, arguing that "Boyd's, a Corporation" does not exist, and that the court therefore lacked jurisdiction. On September 7, 1979, the District Court granted the motion to dismiss and directed that "this case be and is dismissed without prejudice." The court's order added, however, that plaintiff would be given 15 days to amend his complaint to name the defendant correctly. The plaintiff filed no amendment, and, on October 4, 1979, the District Court entered another order "that this case be and is dismissed." This second order did not state expressly whether the dismissal was with or without prejudice.

On February 29, 1980, plaintiff filed a new action, alleging substantially the same claim as in his first complaint. The defendant was described (this time correctly) as Boyd-Richardson Co., "primarily engaged in the retail clothing business." On April 15, 1980, Boyd-Richardson again moved to dismiss, this time on the ground of res judicata. Plaintiff filed no opposition to this motion. On June 19, 1980, the District Court granted it. Two grounds were assigned for this action. First, the prior dismissal, entered on October 4, 1979, was said to have been with prejudice. Second, plaintiff's failure to amend his complaint in the first action, and his failure to respond to the motion to dismiss in the second action, were characterized as "a clear record of abuse of the judicial system" justifying dismissal. From this second order of dismissal plaintiff now brings his appeal.

■ In support of the contention that the doctrine of res judicata bars the present suit, defendant argues that the October 4 dismissal was with prejudice and therefore an adjudication on the merits. Fed.R.Civ.P. 41(b) provides, generally, that unless the court "otherwise specifies" any dismissal "operates as an adjudication on the merits." The Rule also provides, however, that when a dismissal is for "lack of jurisdiction," the effect is not an adjudication on the merits, and therefore the res judicata bar does not arise. The October 4 dismissal was within this exception.

The scope of the "lack of jurisdiction" exception to Rule 41(b) is not so narrow as to include only those "fundamental jurisdictional defects which render a judgment void and subject to collateral attack . . . ." *Costello v. United States*, 365 U.S. 265, 285, 81 S.Ct. 534, 544, 5 L.Ed.2d 551 (1961). The exception is more properly viewed as "encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the [c]ourt's going forward to determine the merits of his substantive claim." *Ibid.* The Supreme Court in *Costello* explained further that the purpose of Rule 41(b) was not to alter the common-law principle that

> [i]f the first suit was dismissed for a defect of pleadings, *or parties*, or a misconception of the form of the proceeding, or the want of jurisdiction, or was disposed of on any ground that did not go to the merits of the action, the judgment rendered will prove no bar to another suit.

365 U.S. at 286, 81 S.Ct. at 545, quoting *Hughes v. United States*, 4 Wall 232, 237, 71 U.S. 232, 237, 18 L.Ed. 303 (1866) (emphasis

ours). Accordingly, a dismissal for failure to name the correct party is a dismissal for "lack of jurisdiction" for purposes of Rule 41(b).[1]

■ Appellee next argues that the dismissal of October 4, 1979, should be characterized as a dismissal for failure "to comply with . . . any order of court" and that such dismissal does "operate as an adjudication upon the merits." Fed.R.Civ.P. 41(b). This argument is unpersuasive. The order simply made final the previous dismissal, expressly labeled "without prejudice," for failure to name the correct party. A similar case, *Mann v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 488 F.2d 75 (5th Cir. 1973), is in accord. There, the plaintiff in his first suit failed to make allegations establishing diversity jurisdiction, and the suit was dismissed with leave to amend within 10 days. After expiration of this time period the complaint was dismissed, no amendment having been filed. Mann filed a second suit some months later, which was dismissed as an "apparent effort to thwart the [c]ourt's prior dismissal." *Id.* at 76. The Fifth Circuit reversed the second dismissal, holding that the first dismissal was without prejudice. *Ibid.* To dismiss with prejudice in such circumstances would have been an abuse of discretion. *Ibid.*

The issue here is indistinguishable. We are unwilling to assume that the District Court intended its October 4 order (entered by a different Judge from the one to whom the second action was assigned) to dismiss Johnson's suit with prejudice for failure to amend the complaint.[2] As has been said many times by many courts dismissal with prejudice is a harsh sanction to be imposed only in extreme cases. See *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Holt v. Pitts*, 619 F.2d 558,

562 (6th Cir. 1980); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976); *Industrial Bldg. Materials v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1971); *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967). Simple failure to amend a complaint cannot be considered an extreme case of disobedience, if it can be considered disobedience at all. See *Mann, supra*, 488 F.2d at 76. Thus the October 4 dismissal was not a bar to appellant's second suit correctly naming Boyd-Richardson as defendant.

■ In dismissing the second action, the District Court also noted that plaintiff had failed to respond to the motion to dismiss the second action. Local R. 7(B)(2) of the District Court requires each party opposing a motion to file within five days a brief statement of opposition. Failure to comply with such a rule, however, cannot be, standing alone, a ground sufficient to extinguish a claim on its merits. Rather, the District Court, after the passage of the period of time prescribed by local rule, is free to consider the merits of the pending motion without waiting any longer for the other party to furnish citations or other reasons for denying it. It remains the court's duty to inquire into the merits of the motion and to grant or deny it, as the case may be, in accordance with law and the relevant facts. In a civilized system of justice, the norm should be to decide claims on their merits, and the mere inaction of a party or his lawyer should not result in the loss of a hypothetically meritorious claim, except in those limited instances, see, *e. g.*, Fed.R.Civ.P. 37, where clear notice is given in advance that a certain procedural default will or might result in loss of a claim or defense. And even in this narrow class of

---

1. Defendant now argues that the dismissal of October 4, 1979, is not within the "lack of jurisdiction" exception. But its memorandum in support of the motion to dismiss contended that "[i]t is axiomatic that when a named defendant is not a legal entity, the court lacks jurisdiction to render a judgment against it."

2. The dismissal order of October 4, 1979, reads in its entirety as follows:

On September 7, 1979, this Court dismissed this case without prejudice due to plaintiff's failure to correctly name the defendant. Plaintiff, though, was allowed fifteen days in which to amend the complaint to correct the error. That period having passed without plaintiff having amended the complaint,

IT IS HEREBY ORDERED that this case be and is dismissed.

cases, the Due Process Clause of the Fifth Amendment warns that dismissal must not only be preceded by fair notice, but must also be fairly proportionate to whatever procedural default may have been committed, and must be considered only within the context of whatever lesser sanctions might be available. In short, when plaintiff failed to answer the motion to dismiss, the District Court's duty was to decide the merits of the motion. When it did so by dismissing the second action on grounds of *res judicata*, it was, for reasons we have explained earlier in this opinion, mistaken.

The judgment is reversed, and the cause remanded for further appropriate proceedings in Johnson's second action.