803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADELA ValVERDE, Plaintiff-Appellant
v.
THE STATE OF MICHIGAN DEPARTMENT OF CIVIL RIGHTS, ET AL.,
Defendants-Appellees.
 No. 83-1790.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 BEFORE: LIVELY, Chief Judge, and MERRITT and TIMBERS*, Circuit Judges
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Adela ValVerde appeals from a final judgment entered October 18, 1983, pursuant to Fed. R. Civ. P. 54(d), dismissing with prejudice the federal claims in this employment discrimination action as against all individual defendants for failure of appellant to comply with an earlier order of the district court entered June 15, 1983 which had dismissed the complaint but with leave to appellant to file an amended complaint in accordance with certain specifications prescribed by the district court.
 
 
 2
 The district court's October 18, 1983 judgment, the subject of the instant appeal, was based on Fed. R. Civ. P. 41(b) ("failure of the plaintiff. . .to comply with [an] order of court. . . ."). The judgment also dismissed without prejudice certain pendent state law claims against the individual defendants. United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
 
 
 3
 We hold that the interests of justice require that the judgment be reversed and the case be remanded to the district court with directions to allow appellant one more opportunity to file an amended complaint to conform with the district court's order of June 15, 1983. Berardi v. Pure Oil Corp., 456 F.2d 98 (6th Cir. 1972)(Per Curiam)(Judgment of dismissal reversed even though district court had allowed appellants to file two amended complaints, our Court stating that, "[W]e believe that the interests of justice require that appellants be afforded one more opportunity to conform their pleadings to the court's orders." Id. at 99). See also Mann v. Merril Lynch, Pierce, Fenner and Smith, Inc., 488 F.2d 75 (5th Cir. 1975)(Per Curiam)("Dismissal of a case for disobedience of a court order [pursuant to Fed. R. Civ. P. 41(b)] is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions." Id. at 76).
 
 
 4
 In the instant case the district court, in its opinion of October 18, 1983 which ordered that the complaint be dismissed, stated:
 
 
 5
 "This order is made with full realization by this Court that the careful distillation of the complaint may disclose that the complaint does state a claim on some federal theory or theories against some defendants."
 
 
 6
 Although we reverse the judgment and remand the case for the purpose stated above, in all fairness we note that the record discloses that the conscientious district judge has displayed the patience of Job in handling this exceedingly difficult case.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 Of the Second Circuit, sitting by designation