52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Geritha HARGRETT, Appellant,
v.
William PLEDGER; Thurman Alexander; Cecil Herbert; Rudolph
Frazier; Arkansas Employment Security Division, Mr. Hugh
Havens, Acting Director; D & B Janitorial Services; Ramada
Inn; Veterans Administration, Gerald C. Juniper, Active
Veterans Services Officer, Appellees.
 No. 94-3289.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 4, 1995.
Filed: Apr. 19, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Geritha Hargrett appeals from the order of the district court dismissing her complaint for failure to respond to defendants' motion to dismiss. We reverse.
 
 
 2
 Hargrett alleged defendants had violated her civil rights, harassed her, and otherwise injured her in violation of federal and state laws. On August 2, 1994, several defendants moved to dismiss on a number of grounds. On August 12, the district court directed Hargrett, a pro se plaintiff, to familiarize herself with and comply with the Federal Rules of Civil Procedure and local rules of the court, and informed her that failure to comply with the rules could result in dismissal. On August 31, the district court dismissed Hargrett's case, because she had "failed to respond to defendants' motion to dismiss."
 
 
 3
 Appellees argue that the dismissal-pursuant to Federal Rule of Civil Procedure 41(b)-was proper because Hargrett failed to respond to the motion to dismiss, in apparent violation of Eastern District of Arkansas Rule C-7(b). However, failure to comply with such a local rule "cannot be, standing alone, a ground sufficient to extinguish a claim on its merits," and "[i]t remains the court's duty to inquire into the merits of the motion and to grant or deny it, as the case may be, in accordance with law and the relevant facts." Johnson v. Boyd-Richardson Co., 650 F.2d 147, 149-50 (8th Cir. 1981).
 
 
 4
 Accordingly, we reverse and remand for consideration of the merits of the motion to dismiss.