Stanley **LANCASTER**, as parent of Henry Lancaster; et al., Plaintiffs–Appellants,

v.

**SOUTH LANE SCHOOL DISTRICT;** et al., Defendants–Appellees.

No. 02–36147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided July 12, 2004.

William R. Goode, Esq., Portland, OR, Marianne G. Dugan, Facaros, Dugan, Rosas, Eugene, OR, for Plaintiffs–Appellants.

Andrea L. Hungerford, Esq., Richard G. Cohn–Lee, Esq., The Hungerford Law Firm, Oregon City, OR, for Defendants–Appellees.

Before: REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Henry Lancaster and his parents appeal the dismissal of their action against South Lane School District as a sanction for failure to comply with an order to amend their complaint by a certain date. They argue that their original complaint was sufficient, that the magistrate judge ought to have allowed leave to late-file an amended complaint, and that the sanction was an

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

abuse of discretion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Because the parties are familiar with the facts, we do not recount them in detail except as necessary. Although the parties did not raise the question of our jurisdiction, we must raise it sua sponte where it is lacking. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc).

### 1. Dismissal with leave to amend

■ On July 11, 2002, the magistrate judge issued "Findings and Recommendation" to dismiss some claims with leave to refile after exhaustion of administrative remedies, and others with leave to file an amended complaint within thirty days. The Lancasters did not file any objections with the district judge and on August 16, 2002, the district judge issued an order adopting the Findings and Recommendation. *See* Fed.R.Civ.P. 72. In *McKeever v. Block*, 932 F.2d 795 (9th Cir.1991), we recognized that "[b]ecause the dismissal of a complaint with leave to amend is a non-dispositive matter, review of the ... complaint by the district court, and consequently by this court, is not automatic." *Id.* at 798 (internal citation omitted). Under our case law, failure to object to a magistrate judge's Report and Recommendation to require amendment of the complaint is "deemed consent to its entry," *id.* at 797 n. 2, and "forfeits" appeal to this court, *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n. 1 (9th Cir.1996). Accordingly, we do not review whether the Lancasters' original complaint was sufficient.

### 2. Denial of leave to late-file an amended complaint

■ The magistrate judge denied the Lancasters' motion for leave to file an amended complaint after the prescribed deadline. The Lancasters never raised an objection to this order to the district judge. Accordingly, applying *Simpson*, we do not review this order.

### 3. Dismissal for failure to prosecute/comply with order

■ *Simpson*, however, does not constrain us from reviewing the November 22, 2002 order, which dismissed the action with prejudice for failure to prosecute and failure to comply with a court order. 77 F.3d at 1174 & n. 1. In determining whether to dismiss a claim as a sanction, the district court must weigh five factors. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir.2002), *cert. denied*, 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999). Unless the district court explicitly considered each factor, "we may review the record independently to determine whether the order of dismissal was an abuse of discretion." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987). Generally, we affirm if three or more factors "strongly" support dismissal or if four factors give a lesser degree of support. *Yourish*, 191 F.3d at 990.

The first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket, generally favor dismissal and do so here. *See Pagtalunan*, 291 F.3d at 642.

We presume that the third factor, risk of prejudice to defendants, supports dismissal where the plaintiff does not offer a reasonable excuse for failing to comply with the order to amend. *Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). In his Motion to File Amended Complaint Late dated October 4, 2002, counsel for the Lancasters stated:

Due to my schedule this week, I have been unable to communicate with my

clients to determine whether Henry will be returning to the London School in the district. I have been delaying the preparation of an amended complaint to see whether the parties have resolved Henry's educational issues.

Counsel's inability to find the time in his schedule to communicate with his client is not a valid excuse. This is especially so because a new academic year had just begun and because it had been known for three months—since as early as July 11, 2002—that an amended complaint would have to be filed if the Lancasters wished to proceed in the district court.

The fourth factor, the public policy favoring disposition of cases on their merits, generally weighs against dismissal and does so here. *See Yourish*, 191 F.3d at 992.

The fifth factor, the availability of less drastic alternatives, favors dismissal because the Lancasters had already been warned by the magistrate judge that dismissal was imminent for failure to comply with the order to amend. *See id.* No amended complaint was filed even then. Rather, counsel says he chose to wait and see whether the parties had resolved the matter.

■ Four factors favored dismissal and one factor weighed against it. We cannot say that the district court abused its discretion.[1]

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting.

REINHARDT, Circuit Judge.

I would hold that the district court abused its discretion when it dismissed the Lancaster's entire action under Federal Rule of Civil Procedure 41(b). Involuntary dismissal is "so harsh a penalty" it should be used only to address "extreme circumstances." *Dahl v. City of Huntington*, 84 F.3d 363, 366 (9th Cir.1996) (citations omitted). The minor "failure" at issue here was plaintiffs' decision to silently stand by a sufficient complaint and not accept the magistrate judge's "leave to amend" offer. Other circuits have questioned whether such conduct could even be classified as a "failure to comply with a court order." *See, e.g., Mann v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 488 F.2d 75, 76 (5th Cir.1973) ("Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction. . . . Failure to amend a complaint after it has been dismissed with leave to amend is not such an extreme case of disobedience, if it is disobedience at all."). Under the third factor, risk of prejudice to the defendant, such a minor violation should not be presumed to work to the defendant's detriment, let alone to constitute such wilful disobedience of a court order as to warrant the forfeiture of plaintiff's rights.

Second, the district court should have considered the lesser sanction of simply dismissing the claims that had been dismissed with leave to amend instead of the whole action. *See* Opinion at 5 n. 1. This more appropriate remedy would have taken no additional time on the part of the

---

1. We lack jurisdiction to review the interlocutory order dismissing with prejudice several of the counts of the original complaint because, ultimately, the case was properly dismissed for failure to prosecute. *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir.1984) ("If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291.").

district court, as it had already dismissed the only other claims in the complaint for failure to exhaust. Furthermore, this alternative course of action would have allowed this court to review whether those other dismissals for non-exhaustion were proper. Thus, I respectfully dissent.