# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3615

_____

Theo Smith,                                    *
                                               *
            Appellant,                         *    Appeal from the United States
                                               *    District Court for the
      v.                                       *    District of Minnesota.
                                               *
Ghana Commercial Bank, Ltd.;                   *          [UNPUBLISHED]
The Republic of Ghana,                         *
                                               *
            Appellees.                         *

_____

Submitted: June 4, 2010
Filed: June 14, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Theo Smith appeals the district court's order denying his motion for a default judgment, denying his motion to disqualify opposing counsel, and dismissing his civil action for lack of personal jurisdiction because he failed to properly serve either defendant, Ghana Commercial Bank, Ltd., and the Republic of Ghana.

Upon de novo review, we agree with the district court that Smith failed to effect service of process, and that the court thus lacked personal jurisdiction over defendants. See Vandelune v. 4B Elevator Components Unlimited, 148 F.3d 943, 948 (8th Cir.) (standard of review), cert. denied, 525 U.S. 1018 (1998). Because Smith failed to

serve defendants properly, we conclude the court did not abuse its discretion in denying his motion for default judgment.  See Norsyn, Inc. v. Desai, 351 F.3d 825, 828 (8th Cir. 2003).  Finally, the court did not abuse its discretion in denying his motion to disqualify opposing counsel because Smith failed to show a prior attorney-client relationship with any lawyer in that firm.  See Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir. 1999) (standard of review).

However, the court erred in dismissing Smith's claims with prejudice because a dismissal for lack of jurisdiction on account of improper service is not an adjudication on the merits and therefore should be without prejudice.  See Ahmed v. United States, 147 F.3d 791, 797 (8th Cir. 1998); Johnson v. Boyd-Richardson Co., 650 F.2d 147, 148 (8th Cir. 1981).  Because Smith has filed multiple meritless actions in the District of Minnesota raising similar claims, we remand to the district court to determine whether and, if so, the extent to which Smith should be precluded from filing additional claims in that court or in the United States.

_____