Renegotiation of contracts; pleading and practice; pretrial order, noncompliance with; involuntary dismissal, when appropriate; discovery availability. — On June 11, 1976 the the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kunzig, Judges.
“In this contracts renegotiation case plaintiff, Mancon Liquidating Corp., comes before the court seeking a de novo determination of excessive profits found by the Renegotiation Board for the fiscal year ending July 31,1967. On September 12,1975, the trial judge issued a standard Pre-trial Order on Accounting pursuant to Ct. Cl. Rule 111(d). Plaintiff’s submission was filed on January 20,1976, and contained several “blanks.”
“Relying on Ct. Cl. Rules 102(b) (2) and 114(b) (5)[1] defendant now enters a motion to dismiss the action based upon plaintiff’s non-compliance with the Pre-trial Order. Plaintiff acknowledges incomplete compliance, but claims it cannot *696 satisfy all requirements since the desired records are now in the hands of an uncooperative third party.[2] Defendant also requests a stay of its obligations under the Pre-trial Order pending resolution of its dismissal motion.
“Upon consideration of defendant’s motion and the ■parties’ briefs, we deny defendant’s motion to dismiss, but grant a stay of defendant’s obligations.
“Initially, plaintiff’s submissions throughout this proceeding attest to the fact that the records are unavailable. Defendant has acknowledged that plaintiff’s records are in the ■custody of another company. Given these unique facts and plaintiff’s expression of willingness to comply with future •court orders to the best of its ability, plaintiff has “sufficient •excuse” for incomplete production at this stage of the case.
“In addition, dismissal is a drastic action to be used only when clearly authorized, as in a case of wilful non-compliance with an order. See, e.g., Societe Internationale v. Brownell, 357 U.S. 197 (1958); Bon Air Hotel, Inc. v. Time, Inc., 376 F. 2d 118 (5th Cir. 1967); Fisher v. U.S. Fidelity & Guaranty Co., 246 F. 2d 344 (7th Cir. 1957). In the instant case dismissal is authorized under Rules 102(b) (2) and 114 (b) (5). However, it does not appear that plaintiff’s failure to totally comply with the Pretrial Order was wilful. Since less extreme sanctions for plaintiff’s partial compliance are •available in Rule 114(b), it does not appear that dismissal is appropriate at this time.
“Finally, defendant has available a range of alternatives to obtain the desired information. Defendant may subpoena the third party for an oral or written deposition and obtain a ■subpoena duces tecum for the documents. Ct. Cl. Rule 82. It may subpoena the third party as a witness at trial, along with the desired records. Ct. Cl. Rule 123. Finally, should the data be totally unavailable, defendant may enter a motion for summary judgment at the close of plaintiff’s trial presentation under Ct. Cl. Rule 102(c). Given these alternative methods open to defendant, the dismissal of the case for *697 plaintiff’s partial compliance with the Pre-trial Order is not. warranted.
“In sliort, the acknowledged impossibility of plaintiff’s-total compliance with the Pre-trial Order, its willingness to-assist in future discovery, the availability of less severe sanctions, and the alternative avenues.of discovery open to defendant, all lead to the conclusion that defendant’s motion to dismiss cannot be granted at this stage of the case. However, due to the time consumed in our resolution of defendant’s motion to dismiss, we grant defendant a stay of its obligations under the Pre-trial Order.
“Accordingly, it is hereby ordered that defendant’s, motion to dismiss is denied and defendant’s motion for a stay of its obligations under the Pre-trial'Order is granted, Defendant’s obligations under the Pre-trial Order must be met within ninety days of the date of this order.”

 Ct. Cl. Rule 102 provides In part:
For failure of the plaintiff * * * to comply -with these Tules or with any other order of the court, the defendant may move that the court dismiss the action. [Ct. Cl. Rule 102(b) (2).)
Rule 114 specifies:
Upon the failure or refusal of a party to comply with any order or direction of the .[trial judge] pursuant to the rules relating to pretrial procedure * * * the [trial judge] may—
(5) Recommend the dismissal of the action or proceeding * * *. [Ct. Cl. Rule 114(b)(5).]

 Plaintiff says the required data is now in the hands of Intercontinental Mfg. Co. at Garland, Texas. Plaintiff sold Its assets to Intercontinental in 1968, including the records. Plaintiff avers that Intercontinental has repeatedly ¡refused access to the documents.