**Francisco VELASQUEZ**

v.

**The UNITED STATES.**

No. 281–82T.

United States Claims Court.

May 4, 1983.

4. *Id.*

**348**

Francisco Velasquez, pro se, plaintiff.

Ellen C. Specker, with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ORDER

GIBSON, Judge:

The petition in the subject matter was filed in the predecessor court, the United States Court of Claims, on June 7, 1982. Defendant filed motions for enlargement of time of 30 days in which to answer the petition on two occasions to and including September 21, 1982, and October 21, 1982, respectively. On October 19, 1982, prior to the expiration of the latest enlarged time, defendant filed a "Motion for More Definite Statement." On November 8, 1982, this court granted said motion and ordered plaintiff to "file his more definite statement on or before December 8, 1982."

Plaintiff failed to file the more definite statement, on December 8, 1982, as ordered. He also failed to appropriately request an enlargement of time in which to file said statement, and he has not at any time explained his reasons, if any, for his failure to comply with the order of the court.

In view of the foregoing and, after giving full and due consideration to the fact that plaintiff is appearing *pro se,* this court entered an order on March 11, 1983, requiring plaintiff to show cause, by filing an appropriate memorandum with this court, on or before April 11, 1983, why this court should not entertain a motion by counsel for the defendant for an involuntary dismissal of subject case, or absent such, why this court should not dismiss plaintiff's petition, *sua sponte,* pursuant to RUSCC 41(b).

Approximately five months have now passed since the initial date (December 8, 1982) on which plaintiff was ordered to file a more definite statement. Additionally, within that time frame plaintiff has failed to comply in any manner with this court's order of March 11, 1983, to show cause why his petition should not be dismissed.

While this court is not unmindful of the plight of a *pro se* party in his/her efforts to prosecute a case by the same standards imposed on learned counsel, *see e.g., Boswell v. United States,* 230 Ct.Cl. —— (1982), there comes a point in time when, in the interest of justice, the deference otherwise extended to *pro se* litigants must come to an end. Dismissal is a drastic action, one which is generally reserved for instances of willful noncompliance, and only when clearly authorized, such as here where plaintiff has failed or refused to comply with two court orders.[1] However, because plaintiff is *pro se* and because there may be some merit to his petition, the court does not believe an adjudication on the merits of the petition is appropriate. *Cf. Boswell, id.*

Upon consideration of the foregoing,

IT IS THEREFORE ORDERED as follows:

Plaintiff's petition is hereby involuntarily dismissed *without prejudice,* pursuant to RUSCC 41(b), for his failure to comply with this court's orders of November 8, 1982, and March 11, 1983.

---

1. *See Mancon Liquidating Corp. v. United States,* 210 Ct.Cl. 333 (1976); *Brant v. United States,* 215 Ct.Cl. 1080 (1978).