Henry HENDLER, et al. Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 456–84L.

United States Claims Court.

Dec. 11, 1989.

Jerrold A. Fadem, Los Angeles, Cal., for plaintiffs.

David F. Shuey, Dept. of Justice, Washington, D.C., for defendant.

OPINION

ROBINSON, Judge.

This case is before the court after oral argument on defendant's motion to dismiss

pursuant to RUSCC 37(b). The issue is whether plaintiffs' complaint should be dismissed for failure to comply with defendant's reasonable discovery requests and this court's orders to answer fully and precisely defendant's interrogatories. For the following reasons, defendant's motion to dismiss will be granted.

### Factual Background [1]

Plaintiffs own property in Riverside County, California, located near the Stringfellow Acid Pits (Stringfellow), a toxic waste disposal site. Federal and State of California studies determined that hazardous substances, pollutants, and contaminants dumped at Stringfellow were released into the environment. A plume of ground water contaminated with these hazardous substances was threatening to enter the Chino III Groundwater Basin, a major source of drinking and agricultural water. The United States Environmental Protection Agency (EPA) requested access to plaintiffs' property to install wells in order to monitor and contain these hazardous substances. When plaintiffs denied the EPA access to their property, the EPA issued an administrative order directing plaintiffs to provide access to three specific parcels of property. Defendant then installed five monitoring wells and embarked on monitoring activities.

Plaintiffs filed their complaint on September 5, 1984, and their first amended complaint on September 10, 1984. Plaintiffs alleged that defendant's entrance upon the three parcels set out in the EPA order constituted a taking of plaintiffs' property for which plaintiffs are entitled to compensation of $4.5 million. Defendant filed its answer on November 1, 1984, alleging that plaintiffs failed to state a claim upon which relief could be granted. After an initial conference where the parties agreed that no material facts were in dispute, the court approved a briefing schedule which set May 29, 1985, as the final deadline for the filing of dispositive motions.

Plaintiffs moved the court on June 24, 1985 for an order permitting further discovery on additional activities which commenced on their property after May 29, 1985. The court granted this motion on July 9, 1985, the date plaintiffs filed their motion for summary judgment. On August 19, 1985, plaintiffs filed a second amended complaint which expanded the list of property allegedly "taken" to 13 parcels. Defendant filed its answer to the second amended complaint on October 1, 1985, and on October 10, 1985, filed its cross-motion for summary judgment. The briefing on the summary judgment motions was completed on November 25, 1985.

The parties continued to engage in discovery throughout the protracted briefing period. On December 5, 1985, the court granted defendant's first motion to compel answers to interrogatories. The court ordered that all discovery be completed by February 22, 1986. This deadline was extended to March 10, 1986 to allow for additional depositions and for production of documents. Plaintiffs served their responses to defendant's request for interrogatories on March 10, 1986, the discovery deadline. Defendant deemed plaintiffs' responses inadequate, and on March 25, 1986, moved the court for an order to compel answers to the interrogatories. Plaintiffs moved to strike the motion to compel as untimely. The court, on April 30, 1986, overruled plaintiffs' motion to strike and deferred further action on defendant's motion to compel pending resolution of the parties' cross-motions for summary judgment. This motion to compel answers to interrogatories started the controversy now before the court.

In an October 24, 1986 memorandum order, the court denied plaintiffs' motion for summary judgment and denied in part and granted in part defendant's cross-motion for summary judgment. The court held that the mere issuance of the EPA order, which on its face did not purport to dispossess plaintiffs of their property or to limit

---

1. Portions of this recitation of facts are borrowed from this court's Memorandum Order in

*Hendler v. United States,* 11 Cl.Ct. 91 (1986).

its use, did not constitute a taking. The court found that "plaintiffs have not suggested how they have been denied an 'economic (sic) viable use' of their land by the mere issuance of the order." *Hendler v. United States,* 11 Cl.Ct. 91, 96 (1986). In addition, the court held that summary judgment was inappropriate since the record provided insufficient evidence upon which to base a decision. Finally, the court held that a California environmental agency was not an agent of the federal government and therefore was not subject to this court's jurisdiction. Accordingly, this case was limited to the issue of whether or not *federal* activities have resulted in a taking.

Following the court's decision on the cross-motions for summary judgment, the parties proposed an additional six-month period to end on June 15, 1987 in which to conduct discovery. Defendant renewed its request for responses to interrogatories. On January 14, 1987, the court granted in part defendant's motion to compel answers to interrogatories and deemed admitted the information set out in Defendant's Request for Admission 1. When plaintiffs had not served their supplemental responses by March 16, 1987, defendant moved to dismiss plaintiffs' claim since plaintiffs had violated the January 14, 1987 order. Plaintiffs then served their supplemental responses on March 26, 1987. However, the defendant again found plaintiffs' supplemental responses inadequate and pressed for dismissal of the claim.

On April 30, 1987, the court issued an order which afforded plaintiffs a third opportunity to supplement "fully and precisely" their responses to interrogatories. The court found that the interrogatories sought "the essential factual bases for plaintiffs' claims, information necessary for defendant to prepare a defense and to pursue meaningful discovery." Order, April 30, 1987. The court found that plaintiffs' supplemental responses failed to respond fully

to defendant's interrogatories and allowed plaintiffs 14 days to comply with the court's January 14, 1987 order.[2] The court warned: "Failure by plaintiffs to comply will result in dismissal of the case pursuant to RUSCC 37(b)(2)(C)." *Id.* This was their *express* warning that failure to comply with reasonable discovery requests would result in dismissal.[3]

Plaintiffs served their additional supplemental responses on May 14, 1987. Again, defendant deemed the responses inadequate and moved for dismissal of the complaint pursuant to RUSCC 37(b)(2)(C) and the court's April 30, 1987 order. Discovery ended August 14, 1987.

On September 16, 1988, plaintiffs moved to suspend the proceedings, alleging that "new facts have been learned which suggest that suspension of this case until January 1989 would best serve the parties' interests and promote judicial economy." Plaintiffs' Motion to Suspend at 3. Defendant objected to the motion to suspend and filed a motion for sanctions pursuant to RUSCC 11 on October 18, 1988. However, these motions were filed subsequent to the motion to dismiss; and, since the motion to dismiss will be granted, the motion to suspend and the motion for sanctions are moot.

## DISCUSSION

RUSCC 37 was designed to combat abuse of the discovery system through the imposition of discovery sanctions.[4] Sanctions are designed to deter dilatory practices and "encourage full disclose of relevant information prior to trial." *Ingalls Shipbuilding, Inc. v. U.S.,* 857 F.2d 1448, 1450 (Fed. Cir.1988). The proper use of sanctions is especially important in ensuring that both parties have mutual knowledge of all relevant facts essential to proper litigation. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). In addition, the sanction of dismissal is "es-

---

**2.** The January 14, 1987 order also required plaintiffs to answer the listed interrogatories.

**3.** Although this was plaintiffs' express warning, plaintiffs were ordered previously to comply with defendant's discovery requests and were

warned of the possibility of sanctions. Order, January 14, 1987.

**4.** RUSCC 37 is identical to Federal Rules of Civil Procedure 37.

sential to the courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1178 (7th Cir.1987).[5] To that end, RUSCC 37 provides, in pertinent part:

> (2) *Sanctions against a party.* If a party ... fails to obey an order to provide or permit discovery ... the court may make such orders in regard to the failure as are just and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken as established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings unless the order is obeyed, or. dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> ....
>
> In lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising him, or both, to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances makes an award of expenses unjust. (Emphasis added.)

While the rules clearly authorize dismissal of a complaint for failure to comply with a discovery order, "there is a strong policy favoring a trial on the merits and against depriving a party of his day in court." *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 996 (8th Cir.1975). Indeed, the draconian sanction of dismissal is to be used only as a last resort, in extreme circumstances. *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir.1989); *Hicks v. Feeney*, 850 F.2d 152, 156 (3rd Cir.1988); *Equal Employment Opportunity Commission v. Troy State University*, 693 F.2d 1353, 1358 (11th Cir.1982).

The court has broad discretion to determine whether to dismiss a case under RUSCC 37.[6] Various requirements exist, however, before a court can use Rule 37 to dismiss a complaint with prejudice. First, dismissal is authorized only when the failure to comply with the court order is due to willfulness or bad faith and not from the inability to comply with the order. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976); *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1968); *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1451 (Fed.Cir.1988); *Mancon Liquidating Corp. v. U.S.*, 210 Ct.Cl. 695, 696 (1976). Dismissal is inappropriate where the failure to comply is grounded in confusion regarding the meaning of the court order or where less drastic sanctions would *effectively* remedy the noncompliance. *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1451 (Fed. Cir.1988); *Marshall v. Segona*, 621 F.2d

---

**5.** Indeed, "[e]specially in cases of delay to the orderly progression of the litigation process, the fundamental concern of avoiding the squandering of scarce judicial resources (and the resources of other litigants) in an era of overcrowded dockets and untoward delays in getting cases decided is highly germane to whether a district court should dismiss a case." *See Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir.1986).

**6.** As the United States Supreme Court stated in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780,

49 L.Ed.2d 747 (1975), "[t]here is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order." And "... here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 643.

763, 768 (5th Cir.1980); *Equal Employment Opportunity Commission v. Troy State Univ.*, 693 F.2d 1353 (1st Cir.1982). Finally, there must be a "predicate 'warning' order" to the noncomplying party so that he has every chance to comply. Once that party has notice, his failure to comply is a basis for a RUSCC 37 dismissal. *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1454 (Fed.Cir.1988).

■ Once the requirements for a sanction are met, the court must consider a variety of factors to determine, in its discretion, whether dismissal is appropriate. These factors include the extent of the party's responsibility, prejudice to the adversary, whether the noncomplying party has a history of dilatoriness, whether the conduct of the party or attorney was willful or in bad faith, and the effectiveness of alternate sanctions. *See Hicks v. Feeney*, 850 F.2d 152 (3rd Cir.1988); *cf. Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448 (Fed.Cir.1988). In addition, the sanction must be specifically related to the claim which was at issue in the order to provide discovery. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982).

■ Applying these requirements and factors to the facts of this case, it is clear that this case should be dismissed with prejudice. First, after clear warning of dismissal from the court, plaintiffs failed to comply with three reasonable discovery requests and two court orders relating to the factual bases of their takings claims. Plaintiffs have also failed to respond timely to a court order.[7]

Second, plaintiffs acted willfully in not responding fully and precisely to defendant's interrogatories.[8] Plaintiffs were ordered repeatedly to elaborate on the factual bases behind their allegations. However, rather than answering the posited interrogatories, plaintiffs marshalled forth conclusions, and have yet to fully respond to the requests for interrogatories. All of the information the government seeks is within the exclusive knowledge and possession of plaintiffs. Only plaintiffs know how the EPA activities on their land have deprived them of any economically viable use of the subject property, yet they refuse to tell defendant and the court.[9] Furthermore, the court found on April 30, 1987, that "it is dispositive that the March 26 response to the court's order is deficient." Plaintiffs added little, if anything, to their answers after ordered to do so on April 30, 1987. The case would be different if there was confusion surrounding the interrogatory or the court's order.[10] Where there is such confusion, dismissal is not appropriate. *See Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir.1980). In this case, however, there was no misunderstanding regarding what information plaintiffs were required to furnish. It was perfectly clear that plaintiffs were to provide, pursuant to two court orders, answers to the listed interrogatories. The wording of the interrogatories was clear, and plaintiffs have

7. For example, plaintiffs did not respond to the January 14, 1987 order until March 26, 1987. The court found in its April 30, 1987 order that the 70 days plaintiffs took to respond was an unreasonably long period of time.

8. Failure to provide full information after a court order constitutes willfulness or bad faith default. *See Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir.1983), *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir. 1983). The court's finding of willfulness is based upon its review of the record, its personal impressions of the attorneys, and the history of this case.

9. Plaintiffs' defense to defendant's motion to dismiss is that they have "told all they know."

The rest of their opposition to defendant's motion argues the merits of their takings claim rather than responding directly to defendant's motion to dismiss. Plaintiffs argued at oral argument that they do not yet know the answers to the interrogatories since they are awaiting *future* EPA activities on their land. However, rather than object to the posited interrogatories, plaintiffs simply responded, repeatedly, in conclusive fashion.

10. Nor is this a case where the party simply cannot provide sufficient proof to substantiate its claim. This case involves the willful failure to respond fully to interrogatories. The court is not persuaded by plaintiff's arguments that they have told all they know. Oral Argument at 19.

never questioned their meaning or objected to their inquiries.

Third, the use of less drastic sanctions will not substantially achieve Rule 37's deterrent value. While it is true that less drastic sanctions should first be considered, *Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 514 (5th Cir.1985); *Marshall v. Segona,* 621 F.2d 763, 768 (5th Cir.1980), in this case, any sanction short of dismissal would not achieve the deterrent value of Rule 37 nor would it remedy the prejudice which defendant would otherwise suffer.[11] For example, a simple monetary sanction would not deter others who are willing to "hide" the factual basis of their claim as a surprise for trial at the price of a nominal sanction. Nor would it remedy the prejudice to defendant who has not been able to prepare a defense even though the claim is five years old.

Fourth, this court explicitly warned plaintiffs in its order of April 30, 1987, that "it is ORDERED that plaintiffs have 14 days from the date of this order to COMPLY fully and precisely with this court's January 14 order compelling answers to the listed interrogatories. Failure by plaintiffs to comply will result in a dismissal of the case pursuant to RUSCC 37(b)(2)(C)."

This court gave plaintiffs numerous opportunities to comply with defendant's reasonable discovery requests, and plaintiffs did not comply. Even after being given a "warning order" to comply, plaintiffs failed to provide the requested information.

Fifth, defendant is clearly prejudiced in its defense of the claim. Defendant has no means of anticipating how plaintiffs will attempt to prove that there is no economically viable use of their property. At some point in the proceeding, plaintiffs must marshall facts which prove *how* the EPA activities have deprived them of an economically viable use of their property. Despite the court's and the government's requests, plaintiffs have not responded adequately to the interrogatories.[12]

The government objects most strenuously to the responses to interrogatories 8, 24, 26, and 27.[13] When the record is reviewed as a whole, these responses are conclusive and add little, if any, substance to plaintiff's previous responses.[14] As a result, defendant is prejudiced in its defense because there is no means available to determine what facts plaintiffs will allege to prove that the EPA activities on the their land deprived them of any economically viable use. In fact, the court explicitly found that the information which the

---

**11.** The deterrent value of Rule 37 is *not* to be taken lightly: "Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *G–K Properties v. Redevelopment Agency, Etc.,* 577 F.2d 645, 647 (9th Cir.1978). Furthermore, as the United States Supreme Court has noted, "[a]lthough it might well be that *these* [litigants] would faithfully comply with all future discovery orders entered by the District Court in this case ... [if the order of dismissal were overturned] other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (emphasis in original).

**12.** At issue are interrogatories 8, 13, 14, 16, 17, 18, 24, 26, and 27.

**13.** In fact, plaintiffs did not provide an additional supplemental response to interrogatory 24.

**14.** For example, when asked "what is the factual basis for plaintiff's contention that EPA has interfered with plaintiff's legal ability to sell their property?" plaintiff's supplemental response was, in pertinent part, "[t]he EPA's physical occupation of the subject property and the order allowing that occupation makes sale ... to a knowing buyer impossible." When read in the context of the entire record, this conclusive response adds nothing to the plaintiff's previous responses.

In addition, interrogatory 27 asked "what is the factual basis for the plaintiff's contention that EPA has interfered with all intended development of the Subject Property?" Plaintiff's supplemental response was "these activities have taken all ability to make an economically viable use of the Subject Property." Again, the plaintiff's response is conclusive, and violates the court's April 30, 1987 order.

government seeks is "necessary for defendant to prepare a defense and to pursue meaningful discovery."[15]

Plaintiffs have also demonstrated a history of dilatoriness in this action. As previously stated, plaintiffs did not respond to the January 14, 1987 order until March 26, 1987. The court found in its April 30, 1987 order that the 70 days plaintiffs took to respond was an unreasonably long period of time. Moreover, plaintiffs have failed to comply with three discovery requests and two court orders. Therefore, plaintiffs have been dilatory and have engaged in the type of conduct which warrants dismissal under RUSCC 37.

Plaintiff's reliance on *Ingalls Shipbuilding, Inc. v. U.S.*, 857 F.2d 1448 (Fed.Cir. 1988) is misguided. In *Ingalls*, the Federal Circuit found that Chief Judge Smith's dismissal of the case under RUSCC 37 was erroneous because there was confusion surrounding the court's order to comply and the court never "warned" the party that it might dismiss the action. Also, the Federal Circuit held that Chief Judge Smith's sanction was based upon his opinion that the government was pursuing a case without merit. *See Ingalls*, 857 F.2d at 1451. In this case, none of these elements is present. There was no confusion as to the scope or meaning of plaintiff's discovery obligations. Plaintiffs never objected to any of the interrogatories. Moreover, plaintiffs were warned that failure to comply with their clear discovery obligations would result in dismissal, but refused to add any substance to previous responses. This sanction is also not a reflection on the court's view of the merits of plaintiffs' case. This court has repeatedly and forcefully confined the issue to defendant's motion to dismiss for failure to answer interrogatories. Oral argument transcript at 19, 21, 22. Plaintiffs willfully failed to comply with defendant's reasonable discovery requests and with this court's orders. For that reason, dismissal is appropriate under the analysis of *Ingalls*.[16]

### CONCLUSION

Because of plaintiffs' willful and repeated failures to respond fully and precisely with this court's orders, defendant's motion to dismiss pursuant to RUSCC 37 is granted. The clerk is directed to dismiss the complaint with prejudice. Plaintiffs shall bear the costs. In addition, plaintiffs shall bear defendant's attorneys' fees spent in connection with plaintiffs' failure to respond adequately to the supplemental interrogatories. Defendant shall submit for this court's approval an appropriate application for attorneys' fees spent in connection with this action no later than 30 days from the date of this opinion.

---

15. The court also found that plaintiffs failed to respond adequately to the court's Jan. 14, 1987 order compelling answers to these interrogatories. Moreover, these inadequate responses were not timely, and the court did not accept plaintiff's various excuses as reasonable. Lastly, the court noted that plaintiffs have not ever objected to these interrogatories as unclear, vague, or confusing.

16. The court wishes to make it clear that (1) plaintiffs have never asked for an extension of time within which to respond to the interrogatories, (2) plaintiffs have never objected to the inquiries of the interrogatories, (3) plaintiffs have not shown that their failure to timely respond with adequate interrogatories was "substantially justified or that other circumstances make an award of expenses unjust," and (4) plaintiffs have not shown a "good faith dispute concerning a discovery question [which] might, in the proper case, constitute 'substantial justification.'" *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir.1981).