The **CHEROKEE NATION OF OKLAHOMA, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 218–89L.

United States Claims Court.

Jan. 9, 1992.

Joe R. Reeder, Washington, D.C., for plaintiff.

Thornton Withers Field, Washington, D.C., with whom was Asst. Atty. Gen. Richard E. Stewart, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to strike and dismiss this action with prejudice. For the following reasons, the court grants defendant's motion to strike in part, and denies defendant's motion to dismiss with prejudice.

## FACTS

In its Orders of October 5, 1990 and May 8, 1991, this court disposed of many of the issues plaintiff raised in its original and first amended complaints, and determined that only a few specific issues remained ripe for adjudication. In its October 5, 1990 Order, the court determined that plaintiff had failed to state a claim for:

1.  Failure to evict casual trespassers from plaintiff's lands in general, and failure to survey those lands;

2.  Failure to remove trespassers from plaintiff's farm and range lands, and failure to issue farming and grazing leases;

3.  Failure to manage plaintiff's timber lands.

*Cherokee Nation of Oklahoma v. United States,* 21 Cl.Ct. 565, 572 (1990). This left intact only those claims alleging failure to remove trespassers from, and issue leases on, plaintiff's mineral lands; breach of fiduciary duty to manage gas and oil lands; claims for unauthorized government use of plaintiff's land; and claims for rights-of-way. In spite of the court's October 5, 1990, and October 29, 1990 Orders, the same allegations reappeared in plaintiff's first amended complaint, plaintiff having

failed to excise those allegations which the court had decided. In response to defendant's motion in limine to dismiss plaintiff's first amended complaint, the court, in its May 8, 1991 Order, struck those portions of plaintiff's first amended complaint that addressed issues previously resolved in the court's October 5, 1990 Order, and ordered plaintiff to file a second amended complaint responsive to its order. Specifically, plaintiff was ordered to:

1) Specify exactly which lands, by legal description or some other generally accepted method for land identification, are the subject of the alleged breaches of trust.

2) Specify for each parcel identified in paragraph one above, the alleged trespassing party (or parties) who has caused the alleged injury.

3) Identify with specificity which leases and lands are involved in the numerous allegations of mismanagement and the leases under which defendant allegedly failed to collect payments due.

4) Identify with particularity when the claims first accrued. (*e.g.*, which trespassers, if any, began their trespass activities after April 21, 1983, and the effective date of topping leases at issue); and

5) Delete from the complaint those issues disposed of in the court's October 5, 1990 Order.

On June 7, 1991, plaintiff filed a second amended complaint which complied in part with the court's May 8, 1991 Order, but once again ignored the court's order denying the Bureau of Land Management's duty to survey, and the duty of the government to remove casual trespassers, issues which the court decided in the Order of October 5, 1990. Plaintiff's second amended complaint was replete with references to these issues. No matter how often plaintiff may plead these matters, the court has disposed of them and plaintiff is barred from reasserting these claims in this court.

Although plaintiff excised, pursuant to the court's order, three counts that had infected its first amended complaint, plaintiff reiterated, almost verbatim, general allegations that, except as noted below, lacked specificity. The second amended complaint also pleaded the following specific allegations:

Count 1) Breach of fiduciary duty to manage lands for natural gas and oil exploration and production.

Count 2) Breach of fiduciary duty to manage lands for solid minerals exploration and production.

Count 3) Breach of fiduciary duty to protect tribal lands from unauthorized government use.

Count 4) Illegal rights-of-way.

Plaintiff provided the requisite specificity in additional appendices, for the first, second and third counts, and it is these claims to which plaintiff will be limited. Specifically, with respect to plaintiff's count one, parties and dates of accrual are provided in Appendix G. With respect to count two, plaintiff referenced leases, parties and dates of accrual in Appendix H. Count three is supported with sufficient facts in Appendix F, but count four is defective for lack of names, dates, and specific incidents. Finally, Appendix D contained the requisite specificity to support general allegations, but only as to those persons who, pursuant to the May 8, 1991 Order, trespassed on plaintiff's mineral lands. As noted in the May 8, 1991 Order, defendant has no substantive duty to remove casual trespassers, regardless of the specificity with which such a claim may be plead.

## DISCUSSION

In its June 24, 1991 motion, pursuant to RUSCC 12(b) and 12(f), defendant sought to strike plaintiff's claims allegedly not responsive to the court's October 5, 1990 Order. Defendant urged that plaintiff, in its second amended complaint, failed to comply with the court's previous order to plead with specificity. Defendant cited plaintiff's virtually identical wording contained in the first and second amended complaints, the reassertion of defendant's alleged duty to survey plaintiff's lands, and the reassertion of defendant's claim with respect to farming and grazing. Further-

more, defendant argued that plaintiff was merely on a fishing expedition and its conduct constituted wanton noncompliance and evidenced delaying tactics.

■ As discussed in the court's Order of May 8, 1991, where a court has ordered a plaintiff to plead with specificity, plaintiff can no longer rely on the less rigorous demands of RUSCC 8 general notice pleading. Where, as here, the court has repeatedly and explicitly delineated the information plaintiff must supply, and plaintiff has failed to furnish such information, the court is well within its discretion in striking the nonresponsive portions of the pleading. *Velasquez v. United States*, 2 Cl.Ct. 347, 348 (1983); 71 C.J.S. Pleading § 482. The court therefore strikes those parts of the second amended complaint in which plaintiff again failed to provide the requisite degree of specificity.

■ In its June 24, 1991 motion, defendant also sought to have plaintiff's complaint dismissed with prejudice pursuant to RUSCC 41(b) which provides, in part, that "[f]or failure of the plaintiff to prosecute or to comply with the rules or any order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim." While most concerned about the progress of this litigation, the court does not share defendant's interpretation of plaintiff's complaint. Dismissal with prejudice is a drastic action generally reserved for instances of willful noncompliance and exercised only when clearly authorized. *Velasquez*, 2 Cl.Ct. at 348; *Ingalls Shipbuilding, Inc. v. United States*, 13 Cl.Ct. 757, 773 (1987), *rev'd on other grounds*, 857 F.2d 1448, 1451 (Fed. Cir.1988); *Mancon Liquidating Corp. v. United States*, 210 Ct.Cl. 695, 696 (1976). Dismissal is inappropriate, however, when less drastic sanctions would effectively remedy a party's noncompliance. *Hendler v. United States*, 19 Cl.Ct. 27, 30 (1989). Granting defendant's motion to strike is a less drastic sanction that the court believes will remedy the remaining defects in plaintiff's pleading. While not fully in compliance with the May 8, 1991 Order, the court finds that plaintiff is able to revise the second amended complaint to provide the minimum requisite specificity indicated by the court. The nexus of a valid claim, for the purposes of these motions, can thus be found in plaintiff's complaint. The court therefore denies defendant's motion for dismissal pursuant to RUSCC 41(b). The court warns, however, that if plaintiff's third amended complaint does not comply with the letter and spirit of this Order, the court would be justified in dismissing the case pursuant to RUSCC 41(b). *Claude E. Atkins Enter. v. United States*, 899 F.2d 1180, 1185 (Fed.Cir.1990); *Adkins v. United States*, 816 F.2d 1580, 1585 (Fed.Cir. 1987); *Kadin Corp. v. United States*, 782 F.2d 175, 177 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Hendler v. United States*, 19 Cl.Ct. 27, 29–30 (1989); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion to strike in part and denies defendant's motion to dismiss with prejudice. Plaintiff is now limited to those causes of action which it identified with particularity in its second amended complaint as noted above, to wit, counts one, two and three, and general allegations of mineral land trespass as specified in Appendix D. Plaintiff shall file a third amended complaint responsive to this order within 30 days.

IT IS SO ORDERED.