The **CHEROKEE NATION OF OKLAHOMA, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 218–89L.

United States Claims Court.

March 5, 1992.

Joe R. Reeder, Washington, D.C., for plaintiff.

Thornton Withers Field, Washington, D.C., with whom was Asst. Atty. Gen. Richard E. Stewart, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to strike plaintiff's third amended complaint and dismiss this action with prejudice. For the following reasons, the court grants defendant's motion to strike in part, denies defendant's motion to

---

strike in part, and denies defendant's motion to dismiss with prejudice.

## FACTS

In response to the court's Order of January 9, 1992, plaintiff timely filed its Verified Third Amended Complaint (complaint).[1] The court's Order directed plaintiff to amend its complaint to include "only those causes of action which it identified with particularity in its second amended complaint ..., to wit, counts one, two and three, and general allegations of mineral land trespass as specified in Appendix D." The court noted the following:

> Specifically, with respect to plaintiff's count one, parties and dates of accrual are provided in Appendix G. With respect to count two, plaintiff referenced leases, parties and dates of accrual in Appendix H. Count three is supported with sufficient facts in Appendix F, but count four is defective for lack of names, dates, and specific incidents. Finally, Appendix D contained the requisite specificity to support general allegations, but only as to those person who, pursuant to the May 8, 1991 Order, trespassed on plaintiff's mineral lands.

On February 3, 1992, defendant moved to strike plaintiff's Verified Third Amended Complaint and to dismiss the action with prejudice. Defendant argued that plaintiff failed to comply with the court's January 9, 1992, Order on three grounds: (1) plaintiff did not delete references to claims of trespass on lands in or adjacent to the Canadian, Grand and Verdigris Riverbeds, and Big Lake; (2) plaintiff did not delete references to Appendices A and B of its complaint; and (3) plaintiff inserted caveats in all counts stating that the all identified trespassers constituted only a partial list, and that more trespassers would be added upon discovery. Each of defendant and plaintiff's arguments will be addressed in turn.

1. The procedural history of this case is recited fully in the court's Order of January 9, 1992,

## DISCUSSION

Defendant urged the court to strike plaintiff's complaint because plaintiff failed to delete from its third amended complaint references to claims of trespass on lands in or adjacent to the Canadian, Grand and Verdigris Riverbeds, and Big Lake. None of these bodies of water formed part of any claim permitted by the court's Order of January 9, 1992, 24 Cl.Ct. 695. Plaintiff argued that it did not delete these claims from its complaint "because the Court had not yet ruled as to whether those water bodies constituted Tribal lands subject to its viable counts alleging mineral lands mismanagement and unauthorized government use." The court need not rule on whether the Canadian, Grand and Verdigris Riverbeds, and Big Lake are Cherokee lands in order to determine whether there is a valid claim for mineral trespass thereon. The court's Order limited plaintiff to the instances of mineral trespass identified in Appendix D of its complaint, and Appendix D enumerated instances of mineral trespass only as to the Arkansas Riverbed. Therefore, any claim based on alleged trespass to the surface or subsurface of the Canadian, Grand and Verdigris Riverbeds, and Big Lake is stricken. However, if plaintiff is able to plead a specific instances of trespass to these lands, i.e., identify the trespasser, the date of accrual of the trespass, and the exact lands affected by the trespass, plaintiff may move to amend its complaint pursuant to Rule 15(a) of the United States Claims Court. Rule 15(a) states in pertinent part:

> A party may amend the party's own pleading once as a matter of course at any time before a response is served or, if the response is one to which no further pleading is permitted and the action has not been scheduled for trial, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and shall be freely given when justice so requires.

*Cherokee Nation of Oklahoma v. United States,* 24 Cl.Ct. 695.

RUSCC 15(a). Any future claim of trespass to the surface or subsurface of the Canadian, Grand and Verdigris Riverbeds, and Big Lake must also comply with the court's Orders of October 5, 1990, 21 Cl.Ct. 565, October 29, 1990, May 8, 1991, 23 Cl.Ct. 117, and January 9, 1992.

Defendant also moved to strike because plaintiff's third amended complaint contained references to Appendices A and B. Appendix A is a Department of Interior Official Map of the Cherokee Nation as of 1900, and Appendix B is the Dawes Commission Plats, which plaintiff asserted identified the location of the Canadian, Grand and Verdigris Riverbeds, and Big Lake at the time that defendant allegedly took those lands in trust on behalf of plaintiff. Contrary to defendant's motion, the presence of Appendices A and B do not violate the court's Order. As these Appendices identify land, and not specific instances of trespass, they may remain as reference materials for any claims that conform to the court's Order of January 9, 1992.

Finally, defendant alleges that plaintiff violated the court's Order of January 9, 1992, by inserting a caveat into all counts of its complaint, which stated, essentially, that the list of trespassers contained in Appendices D, F, G, and H was incomplete, and that further discovery would yield the identities of more trespassers. As noted above, Rule 15(a) of this court permits a party to move for an amendment of its pleadings by leave of court, and such leave "shall be freely given when justice so requires." Therefore, plaintiff's caveat does not destroy the validity of its complaint. However, until plaintiff moves to amend its complaint pursuant to RUSCC 15(a) to include trespassers whose identity comes to light during discovery, the question of the propriety of such amendment is not ripe for adjudication.

 Defendant also argued that plaintiff's conduct constituted "wanton noncompliance" with the Court's Order of January 9, 1992, and moved for dismissal on such basis. Dismissal with prejudice is a drastic sanction and should be imposed only in instances of willful noncompliance. *Velas-*

*quez v. United States*, 2 Cl.Ct. 347, 348 (1983); *Ingalls Shipbuilding, Inc. v. United States*, 13 Cl.Ct. 757, 773 (1987), *rev. on other grounds*, 857 F.2d 1448, 1451 (Fed. Cir.1988); *Mancon Liquidating Corp. v. United States*, 210 Ct.Cl. 695, 696 (1976). When milder sanctions will remedy the noncompliance, dismissal with prejudice is inappropriate. *Hendler v. United States*, 19 Cl.Ct. 27, 30 (1989). Based on a thorough comparison of plaintiff's second and third amended complaints, as well as its supporting affidavits, the court concludes that plaintiff failed to exhibit wanton noncompliance. Under the facts presented, granting defendant's motion to strike in part will yield compliance with the Order.

## CONCLUSION

There is stricken from the complaint any references to claims of trespass on lands in or adjacent to the Canadian, Grand and Verdigris Riverbeds, and Big Lake, from its Verified Third Amended Complaint. Defendant's motion to strike on the ground of Appendices A and B is denied, as is defendant's motion to strike on the ground of plaintiff's caveat. Defendant's motion to dismiss with prejudice is also denied. Plaintiff shall file a fourth amended complaint responsive to this Order within thirty days. Any failure to comply with the terms of this Order will be deemed to be wanton noncompliance.

IT IS SO ORDERED.