**CHOCTAW NATION OF OKLAHOMA and Chickasaw Nation, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

No. 630–89L.

United States Claims Court.

March 9, 1992.

Bob Rabon, Hugo, Okl., for plaintiffs.

Thornton Withers Field, Washington, D.C., with whom was Asst. Atty. Gen. Richard E. Stewart, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to strike and dismiss this action with prejudice. For the following reasons, the court grants defendant's motion to strike and denies defendant's motion to dismiss with prejudice. As this case raises identical issues of fact and law as those found in *Cherokee Nation of Oklahoma v. United States*, 21 Cl.Ct. 565 the court will discuss the history of *Cherokee* where appropriate.

## FACTS

On April 29, 1989, the Choctaw Nation of Oklahoma and the Chickasaw Nation (plaintiffs) filed a complaint in this court seeking damages for numerous alleged breaches of fiduciary duty on the part of defendant. In response to defendant's February 20, 1990, motion for a more definite statement, the court issued its Order of April 2, 1990, in which it ordered plaintiffs to:

1. Specify exactly which lands, by legal description or some other generally accepted method for land identification, are the subject of the alleged breach of trust for:

   a. Failure to protect by permitting unlawful trespassers and intruders, including unauthorized government use.

   b. Failure to manage for oil and natural gas, solid minerals, farming and grazing, woodland and forest, and rights-of-way.

2. Specify for each of the categories enumerated above the alleged trespassing party or parties who has caused the alleged injury.

3. Specify when each of the alleged breaches enumerated above began to occur, and why each of the above alleged breaches is within the applicable statute of limitation of the Indian Claims Commission Act, 25 U.S.C. § 70 (1976), and 28 U.S.C. § 2501.

On January 21, 1992, plaintiffs filed another supplement to their first amended complaint in an attempt to comply with the court's Order of April 2, 1990. In its Order of June 3, 1991, the court informed the parties that its decision in *Cherokee Nation of Oklahoma v. United States*, 21 Cl.Ct. 565 (1990) would be *stare decisis* as to similar issues in this case. Pursuant to the court's Order of June 3, 1991, in *Cherokee*, plaintiff deleted the following claims from its complaint:

Count 1) Breach of duty to identify, survey, preserve, and protect tribal lands;

Count 4) Breach of duty to manage Choctaw and Chickasaw lands for farming and grazing;

Count 5) Breach of duty to manage woodland and forest resources on

Choctaw and Chickasaw tribal lands, including the duty to sell forest products.

On July 1, 1991, plaintiffs in this case timely filed their first amended complaint, which was reduced to the following counts:

Count 1) Breach of fiduciary duty to manage lands for natural gas and oil exploration and production.

Count 2) Breach of fiduciary duty to manage lands for solid minerals exploration and production.

Count 3) Breach of fiduciary duty to protect tribal lands from unauthorized government use.

Count 4) Illegal rights-of-way.

By Order of January 9, 1992, 24 Cl.Ct. 695 in *Cherokee*, this court also restricted plaintiff's complaint to specific incidents of alleged trespass that were documented in appendices filed with its second amended complaint. By Order of March 5, 1992, 25 Cl.Ct. 361, the court deleted any references in the Cherokee Tribe's complaint to claims of trespass not associated with the Arkansas Riverbed. The court intentionally left the door open, however, to further amended complaints under Rule 15 of the Rules of the United States Claims Court if discovery revealed further alleged instances of trespass to land on or adjacent to bodies of water other than the Arkansas Riverbed, and if those allegations could be pleaded with the specificity required by the court. It is within this framework that the court now turns to defendant's motion to strike plaintiffs' first amended complaint in the instant case.

## DISCUSSION

■ On January 21, 1992, plaintiffs filed a supplement to their first amended complaint consisting of sixteen abstracts of title in which the titles to parcels located on or adjacent to the Arkansas Riverbed had been searched. The title search yielded the identity of numerous trespassers as well as legal descriptions of exactly which lands are the subject of the alleged breaches of trust by defendant. However, plaintiffs' efforts failed to comply fully with the court's Order of April 2, 1990, because plaintiffs did not correlate the alleged incidents of trespass in the abstracts to the counts in plaintiffs' complaint. As a result, it is impossible for the court to determine from the abstracts of title whether an alleged trespasser should be included in count one, two, three, or four of plaintiffs' complaint, or some combination of these. Nor did the abstracts provide the court with dates of accrual for the alleged incidents of trespass, as mandated by the court's Order of April 2, 1990.

These flaws are not fatal, however. In *Cherokee*, the court's Order of January 9, 1992, noted that while plaintiff's complaint did not conform fully to the court's previous order to strike, plaintiff nevertheless had "revise[d] its [complaint] to provide the minimum requisite specificity indicated by the court. The nexus of a valid claim, for the purposes of these motions, can thus be found in plaintiff's complaint." Here, the court is faced with the same circumstance. Plaintiffs' abstracts of title provide specific instances of alleged trespass, though as noted above, plaintiff must match the alleged trespass to the counts in its complaint, and provide the dates of accrual, to comply fully with the court's Order of April 2, 1990. In spite of these defects, the nexus of a valid claim is present.

The court also orders plaintiffs to limit their complaint to those allegations of trespass enumerated in their abstracts of title. Pursuant to Rule 15(a) of the Rules of the United States Claims Court, plaintiffs may move for leave of the court to amend their complaint should additional incidents of alleged trespass come to light after discovery. If plaintiffs so move, their pleadings must conform to this Order, and to the Orders of April 2, 1990, and June 3, 1991.

■ At this time, the court declines to grant defendant's motion to dismiss with prejudice for the reasons set forth above. Although the court is aware that plaintiff only partially complied with the court's order, defendant has failed to demonstrate that plaintiffs exhibited willful noncompliance. Dismissal with prejudice is a drastic sanction generally reserved for instances of willful noncompliance and exercised only when clearly authorized. *Velasquez v.*

*United States*, 2 Cl.Ct. 347, 348 (1983); *Ingalls Shipbuilding, Inc. v. United States*, 13 Cl.Ct. 757, 773 (1987), *rev. on other grounds*, 857 F.2d 1448, 1451 (Fed. Cir.1988); *Mancon Liquidating Corp. v. United States*, 210 Ct.Cl. 695, 696 (1976). Furthermore, dismissal is inappropriate when less drastic sanctions would effectively remedy a party's noncompliance. *Hendler v. United States*, 19 Cl.Ct. 27, 30 (1989). Here, as indicated above, granting defendant's motion to strike is a less drastic sanction. Plaintiff's complaint, while not in full in compliance with the April 2, 1990, Order, can readily be revised to provide the requisite specificity indicated by the court. The court therefore denies defendant's motion for dismissal. The court warns, however, that if plaintiffs' second amended complaint does not comply with the letter and spirit of this Order, the court would be justified in dismissing the case pursuant to Rule 41(b) of the Rules of the United States Claims Court. *Claude E. Atkins Enter. v. United States*, 899 F.2d 1180, 1185 (Fed.Cir.1990); *Adkins v. United States*, 816 F.2d 1580, 1585 (Fed.Cir. 1987); *Kadin Corp. v. United States*, 782 F.2d 175, 177 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Hendler v. United States*, 19 Cl.Ct. 27, 29–30 (1989); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to strike, and denies defendant's motion to dismiss with prejudice. Plaintiffs are now limited to those lands and causes of action which they identified with particularity in their supplement of January 21, 1992. Plaintiffs also must indicate which incidents of alleged trespass correspond to the counts in plaintiffs' complaint. Plaintiffs shall file a second amended complaint responsive to this Order within thirty days.

IT IS SO ORDERED.