86 F.3d 1178
 40 Cont.Cas.Fed. (CCH) P 76,932
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Al MUNFORD, Inc. d/b/a Munford Construction Company,
Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5012.
 United States Court of Appeals, Federal Circuit.
 May 14, 1996.
 
 Before MAYER, SCHALL and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Appellant Al Munford, Inc., (Munford) appeals from a decision of the Court of Federal Claims dismissing Munford's complaint for failure to prosecute. Because the record as it now stands does not support a dismissal with prejudice, we vacate and remand.
 
 BACKGROUND
 
 2
 In 1991, Munford contracted with the government for the building and repair of washracks at Fort McClellan, Alabama. Following a dispute between the parties, the government terminated the contract for default. Munford subsequently filed a complaint in the Court of Federal Claims seeking damages for the termination.
 
 
 3
 On June 7, 1993, the United States filed a motion to dismiss the complaint for lack of jurisdiction. Although Munford's response to the motion was due on July 8, 1993, Munford did not meet that deadline, nor did it file a timely application for an extension of time. On July 29, 1993, the government filed a motion under Rule 41(b) of the Rules of the United States Court of Federal Claims to dismiss the complaint for failure to prosecute. On August 5, 1993, after conducting a telephonic status conference regarding the Rule 41(b) motion, the court issued an order directing Munford to file its response to the government's Rule 12(b) motion. The court further instructed Munford's counsel to "read and become familiar with the Rules of the Court."
 
 
 4
 On November 16, 1994, the government filed a motion for summary judgment. Munford's response to that motion was due on December 9, 1994, but Munford filed nothing by that date. On December 22, 1994, the government once again moved under Rule 41(b) to dismiss the complaint for failure to prosecute. The court denied that motion and permitted Munford to file its response to the summary judgment motion on January 18, 1995.
 
 
 5
 On April 18, 1995, the court issued an order scheduling oral argument on the motion for summary judgment for "May 19, 1995, at 2:00 pm, EST." The order did not specify where the argument would be held. On May 16, 1995, the court issued a second order rescheduling the oral argument on the summary judgment motion for "May 24, 1995, at 3:00 pm, EST." Once again, the order did not specify where the argument would be held.
 
 
 6
 When the appointed time arrived for oral argument, Munford's counsel was not present in court. The trial judge then stated that "[i]f plaintiff does not appear by 4:30 p.m .... the case will be dismissed for failure to prosecute and failure to show for a court-ordered hearing."
 
 
 7
 Upon returning to chambers a few minutes later, the trial judge received a call from Dennis Nichols, a partner of Thomas Knight, the counsel of record for Munford. Nichols stated that it was his understanding that oral argument on the summary judgment motion was to be conducted by telephone and that he had planned to handle the oral argument in the absence of Knight, who was unavailable. Nichols explained that he had been waiting in his office for the court's telephone call and was surprised to learn that the oral argument was to be held in person in Washington, D.C. Munford's attorneys subsequently asked that oral argument on the motion be rescheduled. Instead, however, the court issued an order dismissing Munford's claim for failure to prosecute.
 
 
 8
 On June 12, 1995, Munford filed a motion to amend, alter, or vacate the dismissal. The motion was accompanied by affidavits from Nichols and Knight. The affidavits explained that both attorneys were under the impression that the oral argument would be conducted by telephone, as had been done for a previous status conference in the case.
 
 
 9
 In its order on Munford's motion to vacate the dismissal, the trial court noted that the failure to appear for oral argument "was not plaintiff's first violation of this court's rules." In addition, the court pointed out that Munford's counsel of record "was not present in his offices and thus not available to represent his client, even telephonically." The court concluded that counsel's "alleged misunderstanding was unreasonable and unbelievable." The court therefore denied Munford's motion for relief from the dismissal of its complaint.
 
 DISCUSSION
 
 10
 A trial court has broad discretion to dismiss an action with prejudice because of failure to prosecute an action. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). The dismissal of a complaint with prejudice, however, "is a drastic action to be used only when clearly authorized, as in a case of wilful noncompliance with an order." Mancon Liquidating Corp. v. United States, 210 Ct. Cl. 695, 696 (1976). See also Ingalls Shipbuilding, Inc. v. United States, 857 F.2d 1448, 1451 (Fed.Cir.1988).
 
 
 11
 In determining whether to dismiss the complaint with prejudice, the trial court was justified in taking into account the plaintiff's prior failures to meet filing deadlines. See Kadin Corp. v. United States, 782 F.2d 175, 177 (Fed.Cir.), cert. denied, 476 U.S. 1171 (1986). Even given that background, however, we believe that dismissal would be too harsh a sanction for counsel's failure to attend a court session if the failure was the product of an honest misunderstanding, rather than lack of diligence or willful disregard of a court order. See Council of Federated Orgs. v. Mize, 339 F.2d 898, 900 (5th Cir.1964). See generally Webber v. Eye Corp., 721 F.2d 1067, 1071 (7th Cir.1983); Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir.1983); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980); Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir.1971).
 
 
 12
 The record in this case suggests that Munford's failure to appear for the oral argument was the product of a misunderstanding. Both of Munford's lawyers submitted affidavits explaining that they believed the oral argument was to be held by telephone. Nichols, moreover, represented that he had prepared his argument and was awaiting the court's call at the time the argument was to be held. The fact that Nichols called the court only minutes after the scheduled time for argument provides some support for his account of the matter. In addition, a prior status conference had been held by telephone, which Nichols and Knight recited as a ground for their belief that the oral argument on the summary judgment motion was also to be telephonic. Nichols added that he spoke with the court's law clerk and concluded as a result of that conversation that the oral argument was to be telephonic. Nichols stated that the law clerk had told him that "the hearing was set for 3:00 p.m., or 2:00 p.m. CST, which reinforced our impression that the hearing would be conducted across time zones, i.e., telephonically." Nichols also stated that he advised the law clerk that he would be arguing Munford's position at the upcoming hearing on the govern ment's summary judgment motion.
 
 
 13
 If the explanation given by Nichols and Knight is credited, dismissal of the complaint would be too harsh a sanction. It may have been unreasonable for Munford's counsel to assume, without explicitly confirming, that the summary judgment hearing would be conducted over the telephone, but the error does not rise to the level of default that is ordinarily required to justify dismissal for failure to prosecute. Moreover, if Nichols' version of the matter is accepted as true, it is understandable that he would assume that, after notifying the court's chambers in advance, he would be allowed to argue in place of his partner. Again, while it was not good practice for Nichols to make that assumption, rather than ensuring that he had entered a formal appearance on Munford's behalf, we do not believe Nichols' failure to enter an appearance in advance of the argument is sufficient to justify dismissal.
 
 
 14
 To be sure, the trial court did not simply find that counsel's "alleged misunderstanding" was "unreasonable"; the court further found that it was "unbelievable." The court did not elaborate on that statement, and we are not sure whether the court meant to state that it found the affidavits filed by Nichols and Knight to be untruthful, or simply that it is difficult to believe that lawyers could make the kinds of mistakes that Nichols and Knight made in this case. If the court meant the former, and if the record supported the court's finding that the affidavits were untruthful, dismissal would be permissible. The record as it now stands, however, is not sufficient to support a finding that the two affidavits are untruthful. The government did not offer any evidence to the contrary, and the court did not cite any such contrary evidence. Nor was there any evidence from the court's law clerk regarding the clerk's two alleged conversations with Nichols. Finally, the account set forth in the affidavits is not so preposterous as to be incredible on its face, without the need for any contrary evidence. Before a dismissal can be entered based on a finding of lack of credibility, the record must reflect a firmer basis for disbelieving Nichols and Knight.
 
 
 15
 In light of the untimely filings by Munford's counsel in the past, the trial court's impatience with counsel is understandable. On the present record, however, we cannot agree that counsel's failure to attend the summary judgment hearing was the product of lack of diligent prosecution of the case or willful disregard of the court's order; the sanction of dismissal is therefore not justified at this juncture. Accordingly, we vacate the order of dismissal and remand the case to the trial court either to supplement the record on the issue of dismissal, or to reinstate the complaint. See Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985); Titus v. Mercedes Benz of North America, 695 F.2d 746, 754 (3d Cir.1982); Ace Novelty Co. v. Gooding Amusement Co., 664 F.2d 761, 763 (9th Cir.1981).
 
 
 16
 No costs.